NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 923

IN RE NORGREN INC.,

Petitioner.

On Petition for Writ of Mandamus to the United States International Trade Commission in Investigation No. 337-TA-587.

ON PETITION FOR WRIT OF MANDAMUS

Before GAJARSA, SCHALL, and MOORE, Circuit Judges.

GAJARSA, Circuit Judge.

## ORDER

Norgren Inc. petitions for a writ of mandamus directing the United States International Trade Commission to vacate its order scheduling a hearing on April 21, 2010.

The Commission instituted an investigation based on a complaint filed by Norgren that named, inter alia, SMC Corporation and SMC Corporation of America (SMC) as respondents. The administrative law judge (ALJ) concluded that SMC did not infringe Norgren's patent and that the asserted claims of Norgren's patent would not have been obvious. The Commission determined not to review the ALJ's determination, making the ALJ's determination the final determination of the Commission, and Norgren appealed. This court determined that the ALJ's claim construction was erroneous and reversed the noninfringement determination, vacated the determination that the

asserted claims of the patent would not have been obvious, and remanded. Norgren Inc. v. Int'l Trade Comm'n, 336 Fed. Appx. 991 (Fed. Cir. 2009).

On remand, Norgren states that SMC requested a limited reopening of the evidentiary record, the Commission staff requested that the record be reopened with additional discovery, and Norgren asked that the ALJ rule on the existing evidentiary record. Norgren states that the ALJ chose to schedule an evidentiary hearing and requests that the court grant a mandamus petition to prevent the hearing from taking place. Norgren cites Fed. R. Civ. P. 59 and 60 and certain Commission rules and argues that "absent certain prejudicial circumstances, a party has a single opportunity to present evidence to support its case."

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." In re Roche Molecular Sys., Inc., 516 F.3d 1003, 1004 (Fed. Cir. 2008).

The court determines that Norgren has not met its burden to obtain a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

Misc. 923                                                2

FOR THE COURT

JAN 0 6 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Carl F. Manthei, Esq.
       Arthur I. Neustadt, Esq.
       Mark B. Rees, Esq.
       Secretary, USITC
       ALJ, USITC

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 06 2010

JAN HORBALY
CLERK